UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **MELVIN CURTIS ERVING**, <br><br> Petitioner, <br><br> vs. <br><br><br> **MICHAEL BURGESS**, <br><br> Respondent. | 2:21-CV-12348 <br><br> **ORDER DENYING PETITIONER'S MOTION TO STAY** |

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Melvin Curtis Erving ("Petitioner") was convicted of two counts of first-degree criminal sexual conduct and kidnapping following a jury trial in the Wayne County Circuit Court. He was subsequently sentenced to concurrent terms of 20 to 40 years imprisonment on the sexual assault convictions and a concurrent term of 15 to 40 years imprisonment on the kidnapping conviction in 2019. In his habeas petition, filed through counsel, Petitioner raises claims concerning the impartiality of the trial judge, the admission of the victim's preliminary examination testimony and his confrontation rights, and the effectiveness of trial counsel. Respondent has filed an answer

to the habeas petition contending that it should be denied. The matter is now before the Court on Petitioner's motion to stay this case so that he can return to the state courts to exhaust additional claims.

A federal district court has discretion to stay a mixed habeas petition, containing both exhausted and unexhausted claims, to allow a petitioner to present the unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id*. at 277. In *Rhines*, the Supreme Court adopted the stay and abeyance procedure to specifically address the situation when outright dismissal of a habeas petition could jeopardize the timeliness of a future petition following the exhaustion of state remedies. *Id*. at 275 (noting that if the court dismissed the habeas petition "close to the end of the 1-year period, the

2

petitioner's chances of exhausting his claims in state court and refiling in federal court before the limitation period [expired would be] slim"). Stay and abeyance is thus generally reserved for cases where the AEDPA's one-year limitations period is likely to expire before a habeas petitioner can return to state court to exhaust additional claims and then return to federal court on an amended petition. *See, e.g., Moss v. Hofbauer*, No. 07-10687, 2007 WL 317968, *2-3 (E.D. Mich. Oct. 16, 2007).

In this case, Petitioner fails to show the need for a stay. First, his current claims, as set forth in his habeas petition, appear to be exhausted. Second, the one-year statute of limitations applicable to federal habeas actions, *see* 28 U.S.C. § 2244(d), does not pose a problem for Petitioner with regard to those claims as long as he pursues his state court remedies in a prompt fashion. The Michigan Supreme Court denied Petitioner leave to appeal on direct appeal on April 27, 2021. *People v. Erving*, 507 Mich. 931, 957 N.W.2d 781 (2021). His convictions became final 90 days later when the time for seeking a writ of certiorari with the United States Supreme Court expired, *see Lawrence v. Florida*,

3

549 U.S. 327, 333 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000); S. Ct. R. 13, on or about July 26, 2021. The one-year period began running the next day and ran until October 5, 2021, when Petitioner filed his federal habeas petition. ECF No. 1. Consequently, only 71 days of the one-year period had expired when he instituted this action.

While the time in which Petitioner's habeas case has been pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time is equitably tolled by the Court. *See, e.g., Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004). The one-year period will also be tolled while any properly filed state post-conviction or collateral actions are pending. *See* 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 219-221 (2002). Given that 294 days (over 9 months) of the one-year period remains, Petitioner has ample time in which to fully exhaust any additional claims in the state courts and

then return to federal court should he wish to do so.[1] This is particularly true given that Petitioner is represented by counsel, who is well aware of the time limitations and other procedural requirements in state and federal court. A stay is unnecessary.

Accordingly, the Court **DENIES** Petitioner's motion for a stay. Should Petitioner wish to have the Court dismiss without prejudice his current habeas petition, which contains only exhausted claims, so that he may pursue additional, unexhausted claims in the state courts, he may move for a non-prejudicial dismissal of his habeas petition within **30 days** of the filing date of this order. If he does not do so, the Court shall proceed on the claims contained in the pending habeas petition.

**IT IS SO ORDERED.**

Dated: August 17, 2022    s/Terrence G. Berg
                          TERRENCE G. BERG
                          UNITED STATES DISTRICT JUDGE

---

[1] To be sure, Petitioner has more time of the one-year period remaining than the Court normally grants for a stay of the proceedings (outside of statutory tolling).